UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEMORIAL HERMANN HOSPITAL | § | |
| SYSTEM, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-3342 |
| | § | |
| AETNA HEALTH INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Memorial Hermann Hospital System's ("Memorial") Motion to Remand (Doc. 5), as well as Defendant Aetna Health, Inc.'s ("Aetna") response (Doc. 10), Memorial's reply (Doc. 12), Aetna's surreply (Doc. 14), Memorial's surreply (Doc. 15), and Memorial's notice of additional authority (Doc. 16).  Upon review and consideration of this motion, the response, reply, and surreply thereto, the additional briefing, the relevant legal authority, and for reasons explained below, the Court finds that Plaintiff's Motion to Remand should be granted.


I.  Background and Relevant Facts

Memorial asserts claims for breach of contract and fraud, based on Aetna's performance under a Hospital Services Agreement (the "Agreement") that the parties entered into on February 1, 2004.  (*Id.* at 2.)  According to Memorial, pursuant to the Agreement's compensation schedule, it was to receive different rates for its services based on the type of Aetna plan at issue, with the health maintenance organization (HMO) plans being paid at the lowest rate, the managed or elect choice (MEC) plans being paid at an intermediate rate, and the open choice

(OC) plans being paid at the highest rate.  (*Id.* at 2–3.)  Memorial contends Aetna breached the Agreement by "failing to pay in accordance with the Agreement" and by "failing to give proper notice of new plans."  (*Id.* at 5–6.)   With respect to the fraud claim, Memorial contends that Aetna "committed fraud by knowingly and falsely claiming that one or more of the health benefit plans are a particular type of plan, and paying [Memorial] at a lower rate, when in fact those plans were a different type of plan and should have been paid at the higher MEC or OC rates."  (*Id.* at 5.)

On September 9, 2009, Plaintiff Memorial filed suit against Defendant Aetna the 129th Judicial District Court of Harris County, Texas.[1]  (Doc. 1-2.)  On October 15, 2009, Aetna removed the case to this Court, asserting that Memorial's common law claims are preempted under the Employee Retirement Income Security Act of 1974, as amended, 20 U.S.C. § 1001 *et seq.* ("ERISA").  (Doc. 1.)  While Aetna acknowledges that Memorial's claims are for breach of the Agreement, Aetna asserts that Memorial's claims are preempted by ERISA because Memorial also disputes certain of Aetna's claims coverage decisions.

> [I]n the list of medical claims that Plaintiff produced to Aetna identifying the medical claims at issue in this dispute, Plaintiff identified certain medical claims that were denied because they were not medically necessary and therefore not covered under the terms of the member's plan.  Significantly, Plaintiff is not entitled to payment for its services under the provider agreement if the service[s] are not "covered" under the members' plan.  As such, with respect to at least certain medical claims at issue, Plaintiff is complaining about Aetna's coverage determinations under the terms of the underlying ERISA plans.
>
> As an assignee of the patients' rights to any benefits available under these plans, Plaintiff could have brought its claims complaining about Aetna's coverage determination under the relevant plans under the civil enforcement provisions of ERISA.  Additionally, in seeking recovery under Section 542, Subchapter B, of the Texas Insurance Code, Plaintiff is asserting claims that it can only assert as assignee of the patients' rights to plan benefits.  As to all of these claims, they are not based on any duty independent of ERISA or the ERISA plans' respective

---

[1] Prior to filing suit in state court, the parties commenced an arbitration proceeding, but later mutually agreed to forego arbitration in favor of litigation.

terms. Therefore, Plaintiff has asserted state law claims that are completely preempted by ERISA's civil enforcement scheme codified at 29 U.S.C. § 1132(a).

(*Id.* at 2–3.)

Memorial filed a timely Motion to Remand, arguing that its claims in this case are limited to the breach of contract and fraud claims asserted in the state court petition. (Doc. 5.) With respect to Aetna's reference to disputed claims coverage decisions, Memorial maintains that any such disputes are beyond the claims it has asserted herein. (*Id.* at 9.) Additionally and alternatively, Memorial maintains that Aetna waived its right to remove this case and/or should be estopped from removing the case based on its agreement and acknowledgment that the case should be litigated in state court. (*Id.* at 12–20.)

## II. Standard of Review

Cases filed in state court that arise under the "Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). When a plaintiff moves to remand for lack of jurisdiction, the burden of establishing jurisdiction and the propriety of removal rests upon the defendant. *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 365 (5th Cir. 1995); *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). Any doubt as to the propriety of the removal is to be resolved in favor of remand. *Walters v. Grow Group, Inc.*, 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

Whether federal question jurisdiction exists in a removed action is generally based on the allegations in the plaintiff's "well pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

question is presented on the face of the plaintiff's properly pleaded complaint."); *see also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).  Under the well-pleaded complaint rule, federal question jurisdiction depends on whether "there appears on the face of the complaint some substantial, disputed question of federal law." *Carpenter*, 44 F.3d at 366; *see also Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 13 (1983).

An exception to the well pleaded complaint rule exists when the state law claims alleged are completely preempted by federal law.  *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).  In that regard, ERISA, 29 U.S.C. § 1001 et seq., completely preempts "any state-law cause of action that 'duplicates, supplements, or supplants' an ERISA remedy."  *Lone Star Ob/Gyn Associates v. Aetna Health, Inc.*, 579 F.3d 525, 529 (5th Cir. 2009).  If a party's state law claims are designed to "recover benefits due to [a plan participant] under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[,]" the state law claims are all preempted by ERISA.   29 U.S.C. § 1132(a)(1)(B).


III.  <u>Discussion</u>

In *Davila*, 542 U.S. at 209, the Supreme Court set forth the following test for determining whether a state claim is completely preempted by ERISA:

> [I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B).

Relying on and applying *Davila*, the Fifth Circuit in *Lone Star* held clearly and unequivocally that "[a] claim that implicates the *rate* of payment as set out in the Provider Agreement, rather

than the *right* to payment under the terms of the benefit plan, does not run afoul of *Davila* and is not preempted by ERISA."  *Lone Star*, 579 F.3d at 530 (emphasis in original).

Here, Memorial challenges the *rate* of payment received from Aetna under the Agreement.  There is no mention of any claim based on a *right* to payment under the terms of an ERISA benefit plan.  As set forth above, Memorial makes it clear that its claims are limited to Aetna's alleged breach of contract based on Aetna's "(a) failing to pay the contractually agreed amount for Aetna Choice POS healthcare services provided by [Memorial] and (b) not providing notice to [Memorial], and negotiating the appropriate payment category, of new healthcare plans or products offered by Aetna," as well as Aetna's alleged fraud in connection therewith. (Doc. 1-2 at 5.)  Memorial therefore does not allege a state law claim that falls within the test announced by the Supreme Court in *Davila* for ERISA preemption.

Aetna points to a spreadsheet Memorial provided to it, pre-suit, as support for its position that Memorial is seeking, at least in part, to challenge some of Aetna's coverage determinations. (Docs. 10-3, 10-4.)  However, that spreadsheet and any coverage claims revealed there was not included by Memorial *in this case*.  Jeff Brownawell, Memorial's chief revenue office, testified that:

> In March 2009, [Memorial] provided a Preliminary Damages Spreadsheet to Aetna so that the parties could begin comparing respective data regarding the underpaid claims for which there was not a coverage dispute. . . . This spreadsheet was marked "preliminary" specifically because it was understood to be a first attempt to identify the proper scope of underpaid claims.  This spreadsheet was not intended to change the nature of the dispute or [Memorial's] claims. . . .
>
> * * *
>
> . . . . [Memorial] sent the "preliminary" damages spreadsheet to Aetna so that Aetna, using its own electronic claims data, could quickly identify for [Memorial] the payment claims which were partially denied and those for which there was no coverage dispute.  [Memorial] never asserted to Aetna that it sought payment for denied claims in the "preliminary" spreadsheet.  [Memorial] renounces any intent

to recover in this lawsuit for claims where Aetna has disputed coverage.
(Doc. 12-1 at 4–6.)  Aetna does not dispute or controvert Brownawell's affidavit.

Simply put, regardless of the scope of the parties' dispute prior to Memorial filing suit, the dispute at issue here relates to the parties' Agreement and the rates of payment provided for therein.  None of Memorial's claims or allegations is based on any right of payment, or any disputed coverage for services Memorial may have provided to plan participants.  Memorial's claims are therefore not preempted by ERISA.  *Lone Star*, 579 F.3d at 533 ("We hold that claims for underpayment under the Provider Agreement, which do not implicate coverage determinations under the terms of the relevant plan, are not preempted by ERISA."); *see also, e.g.*, *Memorial Hermann Hospital System v. Aetna Health, Inc.*, 2007 W.L. 1701901 at *5 (S.D. Tex. 2007) (Plaintiff's claims that "defendants breached the managed care contracts by failing to make full and prompt payment of certain claims as required by Texas law" were not preempted by ERISA); *Northeast Hospital Authority v. Aetna Health, Inc.*, 2007 W.L. 3036835 at *10 (S.D. Tex. 2007) (finding the plaintiff's claims not preempted by ERISA where the "crux of the parties' dispute in this case arises from the terms of a contract—the Hospital Agreement—that is independent of the ERISA patients' plans; the ERISA patients are not parties to the Hospital Agreement; and [the] parties dispute the level, rate, or amount of payment, not the right to payment.").

As for Aetna's contention that ERISA preemption also arises out of Memorial's mention in its petition of Section 542, Subchapter B, of the Texas Insurance Code, that reference, as explained by Memorial, was a mistaken reference to the Texas law which provides for penalties when prompt payment of claims is not made.  (Doc. 12 at 24, n.4 ("The citation to Texas Insurance Code 542, rather than Sections 843 and 1301, was a mistake.").)  The Texas law that

should have been referenced was Tex. Ins. Code § 843.336, *et seq.* and § 1301.101, *et seq.*  The

mistaken reference does not confer jurisdiction.  *Lone Star*, 579 F.3d at 532 ("A [Texas Prompt

Pay Act] remedy only overlaps with the ERISA enforcement scheme if there is a dispute over

whether a claim is 'payable'—whether there has been a denial of benefits because there is a lack

of coverage.").


IV.  Conclusion

     Accordingly, the Court hereby ORDERS that Plaintiff's Motion to Remand (Doc. 5) is

GRANTED and this case is REMANDED to the 129th Judicial District Court of Harris County,

Texas, where it was numbered 2009-56574.

     SIGNED at Houston, Texas, this 27th day of September, 2010.


                              MELINDA HARMON
                       UNITED STATES DISTRICT JUDGE